[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, New Mass. Media, Inc. sues defendant Star Auto Repair, Inc. for breach of a contract relating to the alleged placement of defendant's advertisements in plaintiffs newspaper and the failure of defendant to pay for such advertisements. CT Page 6147
The facts are as follows: plaintiff, on its form, entered into a written agreement with "Star Tire" on April 23, 1996 to run a minimum of 12 ads within a period of 52 weeks commencing May 2, 1996 in the New Haven Advocate. The contract was signed by Susan Leighton for plaintiff and by "Andy Weinstein, President," without designation of the corporation of which he was president. Pursuant to the agreement plaintiff published four full page displays advertising tires and auto repairs under the name "Star Tire and Auto Repair," and sent invoices to Star Tire. Those bills, after allowing a credit for a $500 payment by Star Tire, totaled $4,408, which has not been paid.
Defendant, Star Auto Repair, Inc. does not dispute the publication of the ads or the amount of the bill but denies the bill is owed by it. In essence, defendant claims it is an entirely separate corporation from Star Tire and Auto Repair, Inc. and plaintiff has sued the wrong party.
The facts relating to these corporations are as follows: Star Tire and Auto Repair, Inc. (hereinafter Star Tire) was organized by Andrew Weinstein in 1984, who was its sole stockholder, director and its president. His wife Page was a vice president. It engaged in the wholesale and retail sale of tires at 40 Orange Street, New Haven. For some time prior to 1996 Page S. Weinstein formed defendant Star Auto Repair, Inc. (hereinafter Star Auto) and she remained its sole stockholder, director and president. Andrew was its secretary. Star Auto engaged in the auto repair business and was located at 40 Orange Street, New Haven. The corporations had a symbiotic relationship: customers buying tires from Star Tire found it convenient to have their cars repaired by Star Auto and customers having repairs done by Star Auto were urged to buy tires from Star Tire.
However, the corporation maintained separate entities. They billed customers separately for tires and services, kept separate books and filed separate tax returns. They used the same accountant but received individual bills. They shared a computer and some equipment. Star Auto leased space to Star Tire at 40 Orange Street for $2000 a month plus Star Tire advertising some of Star Auto services in Star Tire display ads.
Andrew Weinstein signed the contract with plaintiff solely as president of Star Tire. Star Tire ceased doing business in 1997, although it still has a corporate existence. Mr. Weinstein in CT Page 6148 1997 went to work for Star Auto.
Plaintiff seeks to have this court hold Star Auto liable by urging the court to pierce the corporate veil of these corporations. The concept is equitable in nature, Angel Tomasso,Inc. v. Armor Construction and Paving, Inc., 187 Conn. 544, 555
(1982), and applied only in "exceptional circumstances." Id. 557. Courts will disregard the fiction of separate legal entity when one corporation has been so dominated and controlled by another as to lose its identity and be the latter's mere instrumentality. . Zaist v. Olson, 154 Conn. 563, 576, 578
(1967).
Here Star Tire and Star Auto ran parallel businesses out of the same location but they conducted those businesses separately. As stated above, they billed their customers separately, kept separate books, and filed separate tax returns. Star Auto leased space to Star Tire for a marketable rent. Each had separate stockholders and directors, although the Weinsteins were officers of the two corporations. There is no evidence of control of one corporation over the other, or that any such control was used "to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiffs legal rights." Zaist v. Olson, supra, p. 575.
The nub of this case is that the plaintiff contracted with Star Tire and sued defendant Star Auto. Star Auto is not liable for breach of Star Tire's contract. Consequently, judgment may enter for the defendant
Robert Satter Judge Trial Referee